UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO . 07-61705-CIV-SEITZ/O'SULLIVAN

BROWARD MARINE REFIT, LLC,

    Plaintiff,

vs.

M/Y VICTORY, a 1960, 101' GE Vries
Lentsch Werf motoryacht, O.N. US
1085018, her engines, tackle, apparel
and appurtenances, in rem, and her Owner
PINNACLE YACHT INTERNATIONAL, INC.,
in personam,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the plaintiff's Motion to Enforce Settlement Agreement with Incorporated Memorandum of Law (DE# 61, 4/23/09). This matter was referred by the Honorable Patricia A. Seitz in accordance with 28 U.S.C. § 636(b) to the undersigned for a report and recommendation. See Order of Referral (DE# 63, 4/29/09).  Having reviewed the applicable filings and law and having held a hearing on May 27, 2009, the undersigned respectfully recommends that the plaintiff's Motion to Enforce Settlement Agreement with Incorporated Memorandum of Law (DE# 61, 4/23/09) be GRANTED in accordance with this Report and Recommendation.

## BACKGROUND

The parties participated in a settlement conference before the undersigned on February 24, 2009 wherein a settlement was reached. See Order (DE# 54, 2/24/09). The Court has retained jurisdiction until September 24, 2009 to enforce the terms of this settlement. Id.  On April 23, 2009, the plaintiff filed the instant Motion to Enforce Settlement Agreement and Incorporated Memorandum of Law (DE# 61, 4/23/09) against the defendants and intervenor

plaintiffs. The undersigned ordered the defendants and intervenor plaintiffs to file a response to the instant motion by May 11, 2009. See Order (DE# 62, 4/28/09). On May 11, 2009, the intervenor plaintiffs and the defendants filed a two-page response indicating that payment would be forthcoming. See Intervenor Plaintiffs Cindi George and Patricia Neal Rakolta Keith, Patricia Neal Rakolta, Defendant Vessel M/Y Victory and Pinnacle Yacht International's Response to Plaintiff Broward Marine Refit, Inc.'s Motion to Enforce Settlement Agreement (DE# 66, 5/11/09).

On May 27, 2009, the undersigned held a hearing on the instant motion. At the hearing, the defendants and intervenor plaintiffs indicated that they did not contest the facts as set forth in the instant motion. The uncontested facts are the following. On February 24, 2009, the parties reached a settlement. The terms of the settlement required that Defendant Pinnacle Yacht International, Inc. (hereinafter "Pinnacle") pay the plaintiff the sum of $180,000 in three payments. The first two payments, in the amount of $30,000 were due on or before April 10, 2009[1] and May 25, 2009 and the third payment in the amount of $120,000 was due on August 24, 2009. Pinnacle failed to make the first two payments. Pursuant to the terms of the Settlement, Pinnacle was required to provide a first preferred mortgage to the plaintiff in the amount of $240,000. If Pinnacle failed to make any of the aforementioned payments, the plaintiff could move to foreclose its maritime lien on the M/Y "Victory" (hereinafter "vessel") and seek judicial sale of the vessel. At the judicial sale, the plaintiff would be entitled to credit bid up to $240,000 and the intervenor plaintiffs would not be permitted to object to the sale of the vessel.

### RECOMMENDATION

Based on the uncontested facts, it is

**RESPECTFULLY RECOMMENDED** that the plaintiff's Motion to Enforce Settlement

---

[1] The plaintiff agreed to extend the deadline for the first payment to April 22, 2009. Pinnacle failed to meet this deadline.

Agreement with Incorporated Memorandum of Law (DE# 61, 4/23/09) be **GRANTED** and that the Court issue an Order entering a judgment in favor of the plaintiff and against the vessel, her engines, tackle, apparel, appurtenances, etc. in rem, in the amount of $240,000 and requiring:

1. that Pinnacle execute a mortgage in the amount of $240,000 to the plaintiff;

2. that the plaintiff receive a first priority lien on the subject vessel;

3. that the vessel be sold free and clear of all liens and encumbrances by the United States Marshal at United States Marshal's auction and foreclosure sale;

4. that the plaintiff, as holder of a first priority lien, be entitled to bid on its judgment or any part thereof in lieu of cash at the public sale of the vessel and shall not be required to pay cash or other payment, either as a deposit at the time fo the sale or as a balance of the purchase prices;

5. that if the vessel is sold at the auction to a party other than the plaintiff then the proceeds of the sale shall be applied first to satisfy the plaintiff's judgment in the amount of $240,000 and

6. that the intervening plaintiff shall not be entitled to object to the confirmation of the sale.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). The plaintiff seek expedited consideration of this issue.

**DONE AND ORDERED** in Chambers at Miami, Florida this **27th** day of May, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record